UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL, et al., <br><br>Plaintiffs, <br><br>v. <br><br>PETER L. HUNTTING & CO., INC., et al., <br><br>Defendants. | Case No.: 16-cv-2644-WQH (DHB) <br><br>**ORDER GRANTING JOINT MOTION FOR ORDER EXTENDING CURRENT SHEDULING ORDER DATES** <br><br>**(ECF No. 41)** |

On August 31, 2017, the parties filed a Joint Motion for Order Extending Current Scheduling Order Dates. (ECF No. 41.) Having conferred with Judge William Q. Hayes' chambers and good cause appearing, the Court hereby **GRANTS** the Joint Motion. Accordingly, the Scheduling Order is modified as follows:

1. All discovery shall be completed by all parties by **February 16, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of

Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate joint motion within the time limit and according to the procedures outlined in Magistrate Judge David H. Bartick's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2. Please be advised that failure to comply with any discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

3. All pretrial motions must be filed by **March 16, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

4. A Mandatory Settlement Conference shall be conducted on **June 22, 2018** at **10:00 a.m.** in the chambers of Magistrate Judge David H. Bartick. Counsel shall submit settlement statements **directly** to Judge Bartick's chambers by **June 15, 2018**.[1] The parties may either submit confidential settlement statements or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and

---

[1] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

5. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 6, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **July 13, 2018**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange

copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 20, 2018**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 27, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

9. The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **August 3, 2018** at **11:00 a.m.**.

10. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

11. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

Dated: November 16, 2017

*[signature: Louisa Porter]*
LOUISA S PORTER
United States Magistrate Judge

5

16-cv-02644-WQH (DHB)