Thomas M. Monson   CAL SBN:  71993
Christopher R. Wiechert   CAL SBN:  317671
**MILLER, MONSON, PESHEL,**
   **POLACEK & HOSHAW**
A Partnership of Professional Law Corporations
501 West Broadway, Suite 700
San Diego, CA  92101
Tel:    (619) 239-7777
Fax:   (619) 696-6163
Email: tommonson@erisa-law.com

Attorneys for SMI PENSIONS, SHEFFLER CONSULTING
ACTUARIES, INC., and WILLIAM SHEFFLER

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CHEAP EASY ONLINE TRAFFIC
SCHOOL; BORNA MOZAFARI AND
MARLA KELLER AS TRUSTEES FOR
CHEAP EASY ON-LINE TRAFFIC
SCHOOL PENSION PLAN; BORNA
MOZAFARI AS TRUSTEE FOR THE
CHEAP EASY ON-LINE PROFIT
SHARING PLAN; EASY ON LINE
TRAFFIC SCHOOL.COM, INC.;
MARLA KELLER AS TRUSTEE FOR
THE MARLA KELLER PENSION
PLAN AND MARLA KELLER 401(k)
PLAN,

                    Plaintiffs,

v.

PETER L. HUNTTING & CO., INC.;
SMI PENSIONS; SHEFFLER
CONSULTING ACTUARIES INC.;
ESTATE OF PETER L. HUNTTING;
MIKE EDWARDS; WILLIAM
SHEFFLER; ECONOMIC GROUP
PENSION SERVICES GROUP, INC.;
and DOES 1 to 100, inclusive,

                    Defendants

Case No.: 16-CV-2644-WQH (DHB)

Date   April 16, 2018
Dept.:  Courtroom 14B (Annex)
Judge:  Hon. William Q. Hayes

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

DEFENDANTS SMI PENSIONS,
SHEFFLER CONSULTING
ACTUARIES, INC., AND WILLIAM
SHEFFLER'S SEPARATE
STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF
MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFFS'
FIRST CAUSE OF ACTION
[BREACH OF FIDUCIARY DUTIES
ERISA § 404(A)(1), 29 U.S.C. §
1104(A)(1)] AND TO DISMISS
PENDENT CAUSES OF ACTION
TWO THROUGH SIX OR IN THE
ALTERNATIVE TO DISMISS
CAUSES OF ACTION TWO
THROUGH SIX AS PREEMPTED.

Complaint Filed:  October 24, 2016
Trial Date:   None Set

/ / /

/ / /

1

Defendants SMI Pensions, Sheffler Consulting Actuaries, Inc., and William Sheffler (hereinafter "Sheffler Defendants" or "Sheffler") respectfully submit, pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Separate Statement of Undisputed Material Facts ("SSUF") in Support of Motion for Summary Judgment as to Plaintiffs' First Cause of Action for Breach of Fiduciary Duties under ERISA § 404(a)(1), 29 U.S.C. §1104(a) against each of them.  For the Court's convenience, Defendants Peter L. Huntting & Co., Estate of Peter L. Huntting, SMI Pensions, Sheffler Consulting Actuaries, Inc., William Sheffler, and Michael Edwards have submitted an identical SSUF in support of their respective motions.

| No. | UNDISPUTED MATERIAL FACT(S) | EVIDENCE |
|---|---|---|
| 1. | Defendant Peter L. Huntting & Co., Inc. ("Huntting & Co.") was retained to create the Cheap Easy On-Line Traffic School Pension Plan ("CEOTS Pension Plan"), the Cheap Easy On-Line Profit Sharing Plan ("Cheap PSP"), the Marla Keller Pension Plan ("Keller Pension Plan"), and the Marla Keller 401(k) Plan ("Keller 401(k) Plan") (collectively, the "Plans"). | Plaintiffs' First Amended Complaint ("FAC") [Doc. 34] ¶¶ 1 and 4; Request for Judicial Notice of FAC dated September 13, 2017 |
| 2. | Huntting & Co., through its principal, Peter L. Huntting ("Huntting"), entered into engagement agreements for the creation of the Plans and to provide additional third party administration services related to the Plans, each of which were executed by Marla Keller ("Keller") and Borna Mozafari ("Mozafari"), respectively (collectively, the "Engagement | Declaration of William Sheffler ("Sheffler Dec."), ¶ 11, Exs. 4, 5, 6, 7, 8, and 9 [Engagement Agreements] |

| | | | |
|---|---|---|---|
| 1 | | Agreements"). | |
| 2 | 3. | Huntting & Co. agreed to provide the | Sheffler Dec., ¶ 11, Exs. 4, |
| 3 | | following services to the Plans: | 5, 6, 7, 8, and 9 |
| 4 | | 1. Prepare a Plan Review, which includes | [Engagement Agreements] |
| 5 | | the following: | |
| 6 | |    a. Balance Sheet and Statement of Fund Transactions; | |
| 7 | | | |
| 8 | |    b. Account Allocations or Actuarial Report, with Participant Statements; | |
| 9 | | | |
| 10 | |    c. Summary Annual Report for the Department of Labor; | |
| 11 | | | |
| 12 | |    d. Annual Return/Report Form 5500 series and related schedules, except for [inapplicable to the Plans]. | |
| 13 | | | |
| 14 | | | |
| 15 | | 2. Determine the eligibility of reported employees. | |
| 16 | | | |
| 17 | | 3. Provide the contribution range. | |
| 18 | | 4. Perform testing necessary to determine limitations on contributions. | |
| 19 | | | |
| 20 | | 5. Provide general consultation on Plan matters as needed. Additional fees may be necessary and will be quoted upon request. | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | 4. | The engagement agreements between | Sheffler Dec., ¶ 11, Exs. 4, |
| 25 | | Huntting & Co., and Keller and Mozafari | 5, and 6 [2004 and 2005 |
| 26 | | executed in 2004 and 2005 explicitly | Engagement Agreements] |
| 27 | | provided: "***We do not, and will not, act as*** | |
| 28 | | | |

Defendants' Separate Statement of Undisputed Material Facts ISO                 Case No.: 16-CV-2644-WQH (DHB)
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

| | | |
|---|---|---|
| | ***Fiduciary or Plan Administrator to the Plan in any capacity.***" (Emphases in original.) | |
| 5. | The engagement agreements between Huntting & Co., and Keller and Mozafari executed in 2011 explicitly provided: "***We do not, and will not, act as Fiduciary or Plan Administrator to the Plan in any capacity, and we will not engage in any tasks on behalf of you, the client, that would cause us to become a Fiduciary.***" (Emphases in original.) | Sheffler Dec., ¶ 11, Exs. 7, 8, and 9 [2011 and 2012 Enagement Agreements] |
| 6. | Huntting & Co. contracted with Keller and Mozafari to provide services to the Plans as a third-party administrator. | Sheffler Dec., ¶ 11, Exs. 4, 5, 6, 7, 8, and 9 [Engagement Agreements] |
| 7. | Huntting & Co. obtained an Employer Identification Number, created the plan documents, the Board resolutions and meeting minutes, and prepared and filed all required IRS tax returns and other governmental filings on behalf of each of the Plans when authorized to do so. | FAC [Doc. 34] ¶¶ 22, 24, and 26; Sheffler Dec., ¶ 17, Exs. 15, 16, 17, and 18 [Board resolutions adopting Plans]; Sheffler Dec., ¶ 18, Exs. 19 through 33 [Form 5500s]; Sheffler Dec., ¶ 20, Exs. 34, 35, 36, and 37 [Huntting & Co. Filing Authorizations] |
| 8. | Huntting & Co. provided Plaintiffs with recommended contribution ranges to fund the Plans (minimum and maximum amounts) as calculated by Sheffler. | Sheffler Dec., ¶ 11, Exs. 4, 5, 6, 7, 8, and 9 [Engagement Agreements]; Sheffler Dec., ¶ 13, Exs. 11 and 12 [contribution range |

| | | emails and letters] |
|---|---|---|
| 9. | Huntting contracted Sheffler to do actuarial work for the Plans until Huntting's passing on December 5, 2014. | FAC [Doc. 34] ¶ 28; Sheffler Dec. ¶ 14 |
| 10. | Sheffler did not speak with Mozafari or Keller in person or through any other form of communication prior to the passing of Huntting; during this time employees of Sheffler's company never spoke with or communicated directly with Mozafari or Keller – any information necessary for Sheffler to perform his actuarial work was provided through Huntting. | Sheffler Dec. ¶ 14 |
| 11. | Sheffler's actuarial services for the Plans included the providing of a recommended contribution range to Huntting & Co., which Huntting would eventually pass on to Mozafari and Keller. | Sheffler Dec. ¶¶ 15 and 22 |
| 12. | The contribution range provided by Sheffler consisted of the minimum contribution required and the maximum tax deductible amount that could be contributed. | Sheffler Dec. ¶¶ 15 and 22 |
| 13. | Plaintiffs sought to contribute the maximum amount to the Plans that could be tax deductible. | Sheffler Dec., ¶ 16, Exs. 13 and 14 [contribution emails]; Declaration of Thomas Monson ("Monson Dec."), ¶ |

5

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | |
|---|---|---|
| | | 3, Ex. 63 pages 006-010 and 012, Deposition of Marla Keller ("Keller Tr.") 50:4-15 |
| 14. | The responsibility for the discretionary decision in choosing the actual amount of contribution to the Plans fell solely upon the board of directors of Easy On Line Traffic School.Com, Inc. ("EOLTS") and Cheap Easy Online Traffic School ("CEOTS") respectively for each of their individual Plans, with the Treasurer of each of those corporations directed and empowered to deliver to the Trustees of the respective Plans such contribution amount decided by the board. | Sheffler Dec., ¶ 17, Exs. 15, 16, 17, and 18 [Board resolutions adopting Plans] |
| 15. | The resolution of the board of directors adopting the Keller Pension Plan and CEOTS Pension Plan each provide "that prior to the due date (including extensions) of the Employer's federal income tax return for each of its fiscal years hereafter, the Employer shall contribute to the Plan amounts sufficient to meet its obligation under the Defined Benefit Plan for each such fiscal year in such amount as the board of directors determine. The Treasurer of the Corporation is empowered and directed to pay such contribution to the | Sheffler Dec., ¶ 17, Exs. 15 and 17 [Board resolutions for Pension Plans at ¶ 5 of each] |

6

| | | | |
|---|---|---|---|
| 1 | | Trustee of the Plan in cash or property[.]" | |
| 2 | 16. | The resolution of the board of directors adopting the Keller 401(k) Plan and the Cheap PSP provide "that, prior to the due date (including extensions) of the Employer's federal income tax return for each of its fiscal years hereafter, the Employer shall contribute to the Plan amounts sufficient to meet its obligation under the Cash or Deferred Profit Sharing Plan for each such fiscal year in such amount as the board of directors determine. The Treasurer of the Corporation is empowered and directed to pay such contribution to the Trustee of the Plan in cash or property[.]" | Sheffler Dec., ¶ 17, Exs. 16 and 18 [Board resolutions for 401(k) and PSP] |
| 17. | 17. | Defendants were not members of the board of directors of either Easy On Line Traffic School.Com, Inc. ("EOLTS") or Cheap Easy Online Traffic School ("CEOTS"), nor were they the Treasurer of either entity—rather Keller and Mozafari held those positions and served in those capacities for EOLTS and CEOTS, respectively. | Sheffler Dec., ¶ 17, Exs. 15, 16, 17, and 18 [Board resolutions adopting Plans]; Monson Dec., ¶ 3, Ex. 63 page 021, Keller Tr. 99:1-3; Monson Dec., ¶ 3, Ex. 63 page 33, Keller Tr. 168:9-24; Monson Dec., ¶ 4, Exs. 64 pages 038-043 and 044-045, Deposition of Borna Mozafari ("Mozafari Tr.") 31:14-32:19 |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | |
|---|---|---|
| 18. | Consistent with the Engagement Agreements, Huntting & Co. prepared the required annual returns (*i.e.*, I.R.S. Form 5500) and related governmental filings for each of the Plans on behalf of their respective Plan Administrator (i.e., Keller and Mozafari). | Sheffler Dec., ¶ 11, Exs. 4, 5, 6, 7, 8, and 9 [Engagement Agreements]; Sheffler Dec., ¶ 18, Exs. 19 through 33 [Form 5500s] |
| 19. | Huntting & Co. retained Sheffler to prepare an annual IRS filing, Schedule SB to Form 5500, as the enrolled actuary for each of the Plans. | Sheffler Dec. ¶ 19 |
| 20. | Huntting & Co. filed the annual returns and related governmental filings for the Plans with the government on behalf of the respective Plan Administrator of each of the Plans only when expressly authorized by such Plan Administrator to do so. | Sheffler Dec., ¶ 20, Exs. 34, 35, 36, and 37 [Huntting & Co. Filing Authorizations] |
| 21. | In some years Keller and Mozafari expressed a strong desire to handle the filing of required governmental forms for the respective Plans on their own, and did so themselves rather than authorizing Huntting & Co. to do so, because Keller and Mozafari "want[ed]…to be responsible for doing that so [they were] involved." | Sheffler Dec., ¶ 21, Ex. 38 [Keller May 3, 2011 email] |
| 22. | With respect to the Plans maintained by CEOTS, the required governmental filings and annual returns prepared by Huntting & Co. were executed by Mozafari under penalty of perjury and as Plan Administrator of those | Sheffler Dec., ¶ 18, Exs. 19, 22, 23, 24, 26, 28, 29, 31, 32, and 33 [CEOTS Form 5500s] |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | | |
|---|---|---|---|
| | | respective plans. | |
| | 23. | With respect to the Plans maintained by EOLTS, the required governmental filings and annual returns prepared by Huntting & Co. were executed by Keller under penalty of perjury as Plan Administrator of those respective plans. | Sheffler Dec., ¶ 18, Exs. 20, 21, 25, 27, and 30 [EOLTS Form 5500s] |
| | 24. | Keller and Mozafari both signed authorizations allowing Huntting & Co. to file the annual returns for the Plans with the government in which they expressly acknowledge, in signing as Plan Administrator, that "Peter L. Huntting and Peter L. Huntting & Co., Inc. shall not be deemed an administrator or other fiduciary with respect to any Plan solely on account of the services provided under this authorization." | Sheffler Dec., ¶ 20, Exs. 34, 35, 36, and 37 [Huntting & Co. Filing Authorizations] |
| | 25. | In addition to providing an annual contribution range and preparing Schedule SB to Form 5500, Sheffler performed other ministerial tasks on behalf of the Plans. | Sheffler Dec., ¶¶ 22 and 23, Ex. 39 [Sheffler invoices] |
| | 26. | Sheffler served as third-party administrator to other clients, but did not serve in this role to the Plans while Huntting was providing such services to the Plans. | Sheffler Dec., ¶¶ 4, 33, and 35 |
| | 27. | The plan sponsor of both the CEOTS Pension Plan and the Cheap PSP is CEOTS because it | Sheffler Dec., ¶ 24, Ex. 40 page 154 [CEOTS Pension |

9

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

|  |  |  |
|---|---|---|
|  | is the "Employer" under both those Plans. | Plan page 1];<br>Sheffler Dec., ¶ 25, Ex. 41 page 161 [Cheap PSP page 1] |
| 28. | The plan sponsor of both the Keller Pension Plan and the Keller 401(k) Plan is EOLTS because it is the "Employer" under both those Plans. | Sheffler Dec., ¶ 26, Ex. 42 page 166 [Keller Pension Plan page 1];<br>Sheffler Dec., ¶ 27, Ex. 43 page 173 [Keller 401(k) Plan page 1] |
| 29. | Each of the Plans specifically designates as its "Plan Administrator," "[t]he person, persons or entity appointed by the Employer to administer the Plan or, if the Employer fails to make such appointment, the Employer." | Sheffler Dec., ¶ 24, Ex. 40 page 155 [CEOTS Pension Plan page 11];<br>Sheffler Dec., ¶ 26, Ex. 42 page 167 [Keller Pension Plan page 11];<br>Sheffler Dec., ¶ 27, Ex. 43 page 174 [Keller 401(k) page 10];<br>Sheffler Dec. ¶ 25;<br>Sheffler Dec. ¶ 46 |
| 30. | The named Trustee of the CEOTS Pension Plan is Keller and Mozafari, collectively. | Sheffler Dec., ¶ 24, Ex. 40 page 154 [CEOTS Pension Plan page 1];<br>Sheffler Dec. ¶ 46 |
| 31. | The named Trustee of the Cheap PSP is Mozafari. | Sheffler Dec., ¶ 25, Ex. 41 page 161 [Cheap PSP page |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action
Case No.: 16-CV-2644-WQH (DHB)

| | | |
|---|---|---|
| | | 1]; <br> Sheffler Dec. ¶ 46 |
| 32. | The named Trustee of the Keller Pension Plan is Keller and Mozafari. | Sheffler Dec., ¶ 26, Ex. 42 page 166 [Keller Pension Plan page 1]; <br> Sheffler Dec, ¶ 28, Ex. 45 [Mozafari Trustee Amendment Keller Pension Plan]; <br> Sheffler Dec. ¶ 46 |
| 33. | The named Trustee of the Keller 401(k) Plan is Keller and Mozafari. | Sheffler Dec., ¶ 27, Ex. 43 page 173 [Keller 401(k) page 1]; <br> Sheffler Dec, ¶ 28, Ex. 44 [Mozafari Trustee Amendment Keller 401(k) Plan]; <br> Sheffler Dec. ¶ 46 |
| 34. | Keller and Mozafari have filed the instant lawsuit in their capacities as Trustee of the Plans; Keller and Mozafari have been together as a couple for over 30 years and were married on December 17, 2014. | FAC [Doc. 34] ¶¶ 2, 3, 5, 6, and 31. |
| 35. | The only individuals with the authority to direct the investments of the Plans' assets, or to direct how the assets in the Plans were disposed of, were Keller and Mozafari. | Sheffler Dec. ¶ 47; <br> Declaration of Michael Edwards ("Edwards Dec.") ¶ 6; <br> Monson Dec., ¶ 3, Ex. 63 |

Defendants' Separate Statement of Undisputed Material Facts ISO                Case No.: 16-CV-2644-WQH (DHB)
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

| | | |
|---|---|---|
| | | page 011, Keller Tr. 49:12-19;<br><br>Monson Dec., ¶ 3, Ex. 63 022, Keller Tr. 113:7-11;<br><br>Monson Dec., ¶ 3, Ex. 63 027-028, Keller Tr. 136:8-137:13;<br><br>Monson Dec., ¶ 3, Ex. 63 page 030, Keller Tr. 139:7-10;<br><br>Monson Dec., ¶ 3, Ex. 63 page 031, Keller Tr. 140:10-20;<br><br>Monson Dec., ¶ 3, Ex. 63 page 032, Keller Tr. 152:7-13;<br><br>Monson Dec., ¶ 3, Ex. 63 page 035-036, Keller Tr. 226:22-227:10;<br><br>Monson Dec., ¶ 4, Ex. 64 page 046, Mozafari Tr. 39:1-6 |
| 36. | The Plans provide, "[t]he Trustee shall invest and reinvest the Trust Fund… as the Trustee shall from time to time determine." | Sheffer Dec., ¶ 24, Ex. 40 page 157 [CEOTS Pension Plan page 69];<br><br>Sheffler Dec., ¶ 25, Ex. 41 page 162 [Cheap PSP page 53]; |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | |
|---|---|---|
| | | Sheffler Dec., ¶ 26, Ex. 42 page 168 [Keller Pension Plan page 67]; Sheffler Dec., ¶ 27, Ex. 43 page 175 [Keller 401(k) Plan page 62] |
| 37. | The term "Trust Fund" is defined in each of the Plans as "[a]ll the money and property of every kind and character held by the Trustee pursuant to the Plan." | Sheffer Dec., ¶ 24, Ex. 40 page 156 [CEOTS Pension Plan page 13]; Sheffler Dec., ¶ 26, Ex. 42 page 168 [Keller Pension Plan page 13]; Sheffler Dec., ¶ 27, Ex. 43 page 175 [Keller 401(k) Plan page 12]; Sheffler Dec. ¶ 25 |
| 38. | The only individuals authorized to sign checks on behalf of the Plans' individual trusts which held the assets of the Plans were Keller and Mozafari. | Sheffler Dec. ¶¶ 37 and 47; Edwards Dec. ¶ 6; Monson Dec., ¶ 3, Ex. 63 pages 023-024, Keller Tr. 121:13-122:14; Monson Dec., ¶ 3, Ex. 63 pages 025-026, Keller Tr. 129:23-130:12 |
| 39. | In May 2011, Edwards became employed at Huntting & Co. | Edwards Dec. ¶ 2 |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | |
|---|---|---|
| 40. | Edwards was an at will employee, with no written employment agreement; the Huntting & Co. office staff consisted of Huntting, Edwards, and one support staff person. | Edwards Dec. ¶ 2 |
| 41. | While employed at Huntting & Co., Huntting supervised Edwards' work, giving direction to Edwards. | Edwards Dec. ¶ 2 and 3 |
| 42. | Edwards' job was to assist Huntting in providing services to Huntting's clients as a third-party plan administrator. | Edwards Dec. ¶ 2 |
| 43. | As part of his job duties, Edwards interfaced with various clients of Huntting & Co., including Keller and Mozafari. | Edwards Dec. ¶ 3 |
| 44. | During Edwards' entire tenure at Huntting & Co. he did not have, at any time, the authority or responsibility, discretionary or otherwise, to make any choices or decisions about the Plans for Plaintiffs, including but not limited to recommending contribution amounts. | Edwards Dec. ¶ 4 |
| 45. | Edwards' only relayed recommendations regarding annual contributions to the Huntting & Co. clients, on behalf of Huntting. | Edwards Dec. ¶ 6 |
| 46. | Defendants never provided investment advice to Plaintiffs concerning the Plans' assets once contributed to the Plans. | Sheffler Dec. ¶ 47; Edwards Dec. ¶ 6; Monson Dec., ¶ 3, Ex. 63 page 011, Keller Tr. 49:12-19; Monson Dec., ¶ 3, Ex. 63 |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action
Case No.: 16-CV-2644-WQH (DHB)

| | | | page 022, Keller Tr. 113:7-11; |
| | | | Monson Dec., ¶ 3, Ex. 63 page 027-028, Keller Tr. 136:8-137:13; |
| | | | Monson Dec., ¶ 3, Ex. 63 page 030, Keller Tr. 139:7-10; |
| | | | Monson Dec., ¶ 3, Ex. 63 page 031, Keller Tr. 140:10-20; |
| | | | Monson Dec., ¶ 3, Ex. 63 page 032, Keller Tr. 152:7-13; |
| | | | Monson Dec., ¶ 3, Ex. 63 pages 035-036, Keller Tr. 226:22-227:10; |
| | | | Monson Dec., ¶ 4, Ex. 64 page 046, Mozafari Tr. 39:1-6 |
| 47. | Defendants never directed or instructed Plaintiffs on how the assets of the Plans should be specifically invested. | | Sheffler Dec. ¶ 47; Edwards Dec. ¶ 6; Monson Dec., ¶ 3, Ex. 63 page 011, Keller Tr. 49:12-19; Monson Dec., ¶ 3, Ex. 63 page 022, Keller Tr. 113:7-11; |

Defendants' Separate Statement of Undisputed Material Facts ISO Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | | |
|---|---|---|---|
| | | | Monson Dec., ¶ 3, Ex. 63 page 027-028, Keller Tr. 136:8-137:13; Monson Dec., ¶ 3, Ex. 63 page 030, Keller Tr. 139:7-10; Monson Dec., ¶ 3, Ex. 63 page 031, Keller Tr. 140:10-20; Monson Dec., ¶ 3, Ex. 63 page 032, Keller Tr. 152:7-13; Monson Dec., ¶ 3, Ex. 63 pages 035-036, Keller Tr. 226:22-227:10; Monson Dec., ¶ 4, Ex. 64 page 046, Mozafari Tr. 39:1-6 |
| 48. | Investment decisions concerning the Plans' assets were made by Keller and Mozafari. | | Sheffler Dec. ¶ 47; Monson Dec., ¶ 3, Ex. 63 page 011, Keller Tr. 49:12-19; Monson Dec., ¶ 3, Ex. 63 page 022, Keller Tr. 113:7-11; Monson Dec., ¶ 3, Ex. 63 page 027-028, Keller Tr. 136:8-137:13; |

| | | Monson Dec., ¶ 3, Ex. 63 page 030, Keller Tr. 139:7-10; Monson Dec., ¶ 3, Ex. 63 page 031, Keller Tr. 140:10-20; Monson Dec., ¶ 3, Ex. 63 page 032, Keller Tr. 152:7-13; Monson Dec., ¶ 3, Ex. 63 pages 035-036, Keller Tr. 226:22-227:10; Monson Dec., ¶ 4, Ex. 64 page 046, Mozafari Tr. 39:1-6 |
|---|---|---|
| 49. | The CEOTS Pension Plan and Keller Pension Plan became overfunded. | FAC [Doc. 34] ¶¶ 32 and 36 |
| 50. | Huntting recommended to Mozafari and Keller to terminate the CEOTS Pension Plan at a meeting in November 2014. | Sheffler Dec. ¶ 29 |
| 51. | Plaintiffs acknowledge that Defendants' recommendations to terminate the CEOTS Pension Plan and the Keller Pension Plan were "recommendations." | FAC [Doc. 34] ¶¶ 36, 37, 42, 61, 71, 84, 97, 106, and 116 |
| 52. | A November 4, 2014, letter from Huntting to Mozafari summarizes the plan overfunding and his recommendation to terminate. | Sheffler Dec., ¶ 29, Ex. 46 [Huntting letter November 4, 2014] |

| 53. | That same day, November 4, 2014, a Resolution of the Board of Directors of CEOTS was executed to terminate the CEOTS Pension Plan, signed by Mozafari as corporate Secretary, with an effective termination date of November 20, 2014. | Sheffler Dec., ¶ 29, Ex. 47 [CEOTS Board Resolution to terminate] |
|---|---|---|
| 54. | Also on November 4, 2014, a Resolution of the Board of Directors of EOLTS was executed to terminate the Keller Pension Plan, signed by Keller as corporate Secretary, with an effective termination date of November 20, 2014. | Sheffler Dec., ¶ 29, Ex. 48 [EOLTS Board Resolution to terminate] |
| 55. | As per the CEOTS Resolution, any un-distributable assets held by the CEOTS Pension Plan were transferred on November 20, 2014, to the Cheap PSP, which was designated as a Qualified Replacement Plan. | Sheffler Dec., ¶ 29, Ex. 47 [CEOTS Board Resolution to terminate] |
| 56. | As per the EOLTS Resolution, any un-distributable assets held by the Keller Pension Plan were transferred on November 20, 2014 to the Keller 401(k) Plan, which was designated as a Qualified Replacement Plan. | Sheffler Dec., ¶ 29, Ex. 48 [EOLTS Board Resolution to terminate] |
| 57. | Edwards did not attend or participate in the November 4, 2014, meeting; he was also not involved in the decision or analysis to terminate the Keller Pension Plan or CEOTS Pension Plan or to roll the funds in these plans over into qualified replacement plans. | Edwards Dec. ¶¶ 8 and 9 |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | | |
|---|---|---|
| 58. | On November 11, 2014, Keller executed and signed certain IRS documents to further the recommendation to terminate of the Keller Pension Plan in which she elected not to file for a favorable Letter of Termination with the IRS. | Sheffler Dec., ¶ 29, Ex. 49 [Keller Pension Plan no favorable Letter of Termination] |
| 59. | On November 11, 2014, Keller made a direct rollover of 100% of the Keller Pension Plan assets into the Keller 401(k) Plan. | Sheffler Dec., ¶ 30, Ex. 51 [Keller Pension Plan Distribution Upon Plan Termination] |
| 60. | Mozafari would later make a direct rollover of 100% of the CEOTS Pension Plan assets into the CEOTS PSP. | Sheffler Dec., ¶ 30, Ex. 53 [CEOTS Pension Plan Distribution Upon Plan Termination] |
| 61. | A Termination Notice with the PBGC was executed for the CEOTS Pension Plan on November 18, 2014, by Mozafari, who signed as Plan Administrator. | Sheffler Dec., ¶ 29, Ex. 50 [CEOTS Pension Plan no favorable Letter of Termination] |
| 62. | Mozafari certified in the PBGC form that he had not, and would not, file with the IRS for a determination letter on the termination of the CEOTS Pension Plan. | Sheffler Dec., ¶ 29, Ex. 50 [CEOTS Pension Plan no favorable Letter of Termination] |
| 63. | On November 20, 2014, Keller assigned, transferred, and set over all assets in the Keller Pension Plan E-Trade Financial Portfolio owned as of December 31, 2013, to the Keller 401(k) Plan. | Sheffler Dec., ¶ 30, Ex. 52 [Assignment of Assets] |

19

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| 64. | Keller signed the check to physically move the plan assets from the Keller Pension Plan to the Keller 401(k) Plan. | Sheffler Dec. ¶ 37 and 47; Monson Dec., ¶ 3, Ex. 63 pages 023-024, Keller Tr. 121:7-122:14 |
|-----|---|---|
| 65. | Mozafari signed the check to physically move the plan assets from the CEOTS Pension Plan to the Cheap PSP. | Sheffler Dec. ¶ 37 and 47; Monson Dec., ¶ 3, Ex. 63 pages 023-024, Keller Tr. 121:13-122:14 |
| 66. | Peter L. Huntting passed away on December 5, 2014. | FAC [Doc. 34] ¶ 39; Sheffler Dec. ¶ 31; Edwards Dec. ¶ 10 |
| 67. | In 1992, a Buy-Out Agreement was created between Huntting and Sheffler. | Sheffler Dec., ¶ 6, Ex. 1 [Buy-Out Agreement] |
| 68. | Under the terms of the Buy-Out Agreement, Sheffler Consulting Actuaries, Inc. became entitled to acquire the assets of Huntting & Co. | Sheffler Dec., ¶ 6, Exs. 1 and 2 [Buy-Out Agreement and Amendment] |
| 69. | An Interim Operating Agreement between Sheffler Consulting Actuaries, Inc. and Huntting & Co. became effective on December 5, 2014, the day of Huntting's passing; Sheffler only purchased the assets of Huntting & Co. and did not assume any of Huntting's liabilities for any of his obligations. | Sheffler Dec., ¶ 7, Ex. 3 [Interim Operating Agreement]; Edwards Dec. ¶¶ 11 and 12 |
| 70. | Edwards faced a loss of employment with the sudden passing of Huntting. | Edwards Dec. ¶ 11 |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action
Case No.: 16-CV-2644-WQH (DHB)

| 71. | Sheffler offered Edwards a job at SMI Pensions, and to continue working with the Huntting & Co. clients during the transition. | Edwards Dec. ¶ 12 Sheffler Dec. ¶ 32 |
| 72. | When Huntting passed away, Sheffler became Edwards' work supervisor. | Edwards Dec. ¶¶ 13 and 14; Sheffler Dec. ¶ 32 |
| 73. | Edwards learned Sheffler would be acquiring the Huntting & Co. business as a result of Huntting's death. | Edwards Dec. ¶ 12 |
| 74. | In the week following Huntting's death, Edwards learned he should cooperate with Sheffler during the interim period of time while Huntting's family and Sheffler worked out the details of the final terms of Sheffler's asset purchase of Huntting & Co. | Edwards Dec. ¶ 13 |
| 75. | From Huntting's passing until Sheffler officially acquired the assets of Huntting & Co., Edwards considered Sheffler his boss, and treated him that way. | Edwards Dec. ¶¶ 14 and 15 |
| 76. | Edwards attempted to preserve the status quo of Huntting & Co. while the asset purchase was finalized by Sheffler. | Edwards Dec. ¶ 13 |
| 77. | Sheffler purchased the assets of Huntting & Co. in mid-February 2015 in accordance with the Buy-Out Agreement. | Sheffler Dec. ¶ 8 |
| 78. | In February 2015, Edwards became employed at SMI Pensions pursuant to a written employment agreement. | Edwards Dec. ¶ 15; Sheffler Dec. ¶ 32 |

| 79. | Edwards was an at will employee at SMI Pensions; his boss at SMI Pensions was Sheffler. | Edwards Dec. ¶ 15<br>Sheffler Dec. ¶ 32 |
|---|---|---|
| 80. | Sheffler was in charge of SMI Pensions, and made all decisions affecting the business, the clients, and what Edwards worked on. | Edwards Dec. ¶ 15;<br>Sheffler Dec. ¶ 32 |
| 81. | Edwards continued to work on the files of Mozafari and Keller at SMI Pensions until approximately July of 2015. | Edwards Dec. ¶¶ 15, 17, and 18 |
| 82. | After Huntting passed away, many former clients of Huntting & Co. became Sheffler's clients, including Mozafari and Keller. | Sheffler Dec. ¶ 33 |
| 83. | Sheffler provided actuarial and third-party administration services to Mozafari and Keller after the passing of Huntting until July 2016. | Sheffler Dec. ¶¶ 33 and 35 |
| 84. | Sheffler continued the process of terminating the CEOTS Pension Plan and Keller Pension Plan. | Sheffler Dec. ¶ 36 |
| 85. | Sheffler prepared the distribution forms given by Mozafari and Keller to CEOTS and EOLTS employees, respectively. | Sheffler Dec., ¶ 36, Exs. 54, 55, and 56 [distribution forms] |
| 86. | After reviewing the forms for distributions, instructions would be given to Mozafari and Keller about how to make the distributions. | Sheffler Dec., ¶ 36, Exs. 54, 55, and 56 [distribution forms] |
| 87. | On April 23, 2015, Mozafari sent a Notice of Plan Benefit letter to all CEOTS employees, informing his employees of the distribution | Sheffler Dec., ¶ 36, Ex. 55 [Notice of Plan Benefit] |

| | | | |
|---|---|---|---|
| | | and how to receive a distribution. | |
| 2 | 88. | Neither Sheffler nor Edwards wrote checks for benefit distributions to employees; only Mozafari and Keller, as Trustees, had authority to write checks for the Plans. | Sheffler Dec. ¶ 37 and 47 |
| 6 | 89. | In July 2015, Edwards went on medical leave at SMI Pensions due to a severe illness. | Edwards Dec. ¶ 18; Sheffler Dec. ¶ 38 |
| 8 | 90. | Edwards did not return to work full time until late September 2015, at which time, he was given other client matters to work on. | Edwards Dec. ¶ 18 and 19; Sheffler Dec. ¶ 38 |
| 11 | 91. | Edwards did no significant work on the client matters of Mozafari or Keller after returning to work at SMI Pensions in September 2015; it was Edwards understanding that the files were being handled by another SMI Pensions employee. | Edwards Dec. ¶ 19; Sheffler Dec. ¶ 38 |
| 17 | 92. | On September 25, 2015, Sheffler was granted permission by Keller to electronically file Form 5500 on behalf of the Keller Pension Plan. | Sheffler Dec., ¶ 39, Ex. 57 [Keller Filing Authorization] |
| 21 | 93. | Sheffler was granted permission by Mozafari to electronically file Form 5500 on behalf of the CEOTS Pension Plan on October 13, 2015. | Sheffler Dec., ¶ 39, Ex. 58 [Mozafari Filing Authorization] |
| 26 | 94. | The Annual Review of the Cheap PSP for plan year ending December 31, 2014, was sent by Sheffler to Mozafari on September 29, 2015. | Sheffler Dec., ¶ 40, Ex. 59 [September 29, 2015 Annual Review] |

| 95. | The Annual Review of the Keller 401(k) Plan for plan year ending December 31, 2014, was sent by Sheffler to Keller on October 12, 2015. | Sheffler Dec., ¶ 40, Ex. 60 [October 12, 2015, Annual Review] |
| 96. | The Annual Review of the CEOTS Pension Plan for plan year ending December 31, 2014, was sent by Sheffler to Mozafari on October 15, 2015. | Sheffler Dec., ¶ 40, Ex. 61 [October 15, 2015, Annual Review] |
| 97. | The Amended Annual Review of the Cheap PSP for plan year ending December 31, 2014, was sent by Sheffler to Mozafari on November 6, 2015. | Sheffler Dec., ¶ 40, Ex. 62 [November 6, 2015, Annual Review] |
| 98. | In the final months of 2015, Sheffler continued to instruct Mozafari and Keller on how to communicate with CEOTS and EOLTS employees about benefit distributions; Elizabeth Buckles, an employee of Sheffler, provided instructions via email to Mozafari and Keller on November 25, 2015, explaining how to distribute benefits owed to terminated employees of the Cheap PSP and CEOTS Pension Plan. | Sheffler Dec., ¶ 36, Ex. 56 [Buckles November 25, 2015, email] |
| 99. | The November 25, 2015, email from Elizabeth Buckles to Mozafari explained that Mozafari would be contacting the terminated employees and that he would provide these employees with the required forms to carry out the benefit distributions. | Sheffler Dec., ¶ 36, Ex. 56 [Buckles November 25, 2015, email] |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

Case No.: 16-CV-2644-WQH (DHB)

| | |
|---|---|
| 100. | Mozafari would then draft a letter to the terminated CEOTS employees informing them of their distribution and how to receive a distribution. | Sheffler Dec., ¶ 36, Exs. 54, 55, and 56 [distribution forms] |
| 101. | At no point in time did Sheffler or Edwards tell Keller or Mozafari how to invest the assets of the Plans. | Sheffler Dec. ¶ 47; Edwards Dec, ¶¶ 6; Monson Dec., ¶ 3, Ex. 63 page 029, Keller Tr. 138:15-21 |
| 102. | Keller never asked Sheffler, Edwards, or any of the Defendants where to invest plan assets. | Edwards Dec ¶ 6; Monson Dec., ¶ 3, Ex. 63 page 027, Keller Tr. 136:8-20 |
| 103. | Mozafari and Keller invested the Plans assets in E-Trade accounts and would decide where to invest the plan assets in E-Trade, such as determining which stocks to buy. | Monson Dec., ¶ 3, Ex. 63 pages 027-028, Keller Tr. 136:21-137:10 |
| 104. | None of the Defendants were ever specifically named as the Plan Administrator, Trustee, or as a named fiduciary for any of the Plans. | Sheffler Dec. ¶ 46; Edwards Dec. ¶ 6 |
| 105. | Neither Sheffler nor Edwards was ever asked by Mozafari or Keller to serve as Plan Administrator for any of the Plans. | Sheffler Dec. ¶ 42 and 46; Edwards Dec. ¶ 6 |
| 106. | In July of 2016, Sheffler sold the assets of Sheffler Consulting Actuaries, Inc. to Economic Group Pension Services; it was specifically negotiated that Economic Group Pension Services was not assuming any | Sheffler Dec. ¶ 43 |

Defendants' Separate Statement of Undisputed Material Facts ISO
Motion for Summary Judgment as to Plaintiffs' First Cause of Action

| | | liability or obligation of the Sheffler entities. | |
|---|---|---|---|
| | 107. | Integrated Retirement Plan Solutions was subsequently hired by Mozafari and Keller as third-party administrator for the Plans; Adrienne Knauer of Integrated Retirement Plan Solutions in Cleveland, Ohio, has been designated by the Plaintiffs as their expert witness in this case. | Sheffler Dec. ¶ 44; Monson Dec., ¶ 3, Ex. 63 pages 013-014, Keller Tr. 59:23-60:8 |
| | 108. | On September 13, 2017, the First Amended Complaint for Damages was filed by Plaintiffs in the United States District Court for the Southern District of California alleging, inter alia, Breach of Fiduciary Duties under ERISA § 404(A)(1), 29 U.S.C. 1104(A)(1). | FAC [Doc. 34] |
| | 109. | Integrated Retirement Plan Solutions has since prepared the Form 5500s on behalf of Mozafari and Keller. | Monson Dec, ¶ 3, Ex. 63 pages 013-014, Keller Tr. 59:23-60:8 |
| | 110. | On October 12, 2017, Keller signed a Form 5500 as Plan Administrator, as instructed by Integrated Retirement Plan Solutions. | Monson Dec., ¶ 3, Ex. 63 pages 015-017, Keller Tr. 60:22-62:8 (Marked as Keller Tr. Ex. 5) |

/ / /

Respectfully submitted,

  Dated:  March 15, 2018              MILLER, MONSON, PESHEL,
                                   POLACEK & HOSHAW


By:  s/Thomas M. Monson
      Thomas M. Monson
      Attorneys for SMI PENSIONS; SHEFFLER
      CONSULTING ACTUARIES, INC., and
      WILLIAM SHEFFLER

L:\LIT\LITS-Z\SHEFFLER MARTIN\Cheap Easy\Pleadings\MSJ\Combined SSUF 31318 9am.docx

Defendants' Separate Statement of Undisputed Material Facts ISO      Case No.: 16-CV-2644-WQH (DHB)
Motion for Summary Judgment as to Plaintiffs' First Cause of Action