UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL; BORNA MOZAFARI AND MARLA KELLER AS TRUSTEES FOR CHEAP EASY ON-LINE TRAFFIC SCHOOL PENSION PLAN; BORNA MOZAFARI AS TRUSTEE FOR THE CHEAP EASY ON-LINE PROFIT SHARING PLAN; EASY ON LINE TRAFFIC SCHOOL.COM, INC.; MARLA KELLER AS TRUSTEE FOR THE MARLA KELLER PENSION PLAN AND MARIA KELLER 401(K) PLAN,<br><br>                      Plaintiffs,<br><br>v.<br><br>PETER L. HUNTTING & CO., INC.;  SMI PENSIONS; SHEFFLER CONSULTING ACTUARIES INC.; ESTATE OF PETER L. HUNTTING; MIKE | Case No.:  16cv2644-WQH-MSB<br><br>**ORDER** |

1

EDWARDS; WILLIAM SHEFFLER; ECONOMIC GROUP PENSION SERVICES GROUP, INC.; and DOES 1 to 100, inclusive,

                    Defendants.

HAYES, Judge:

    The matters before the Court are the motions for attorney fees filed by Defendants. (ECF Nos. 99, 100).

## I.    BACKGROUND

    On September 13, 2017, Plaintiffs Cheap Easy Online Traffic School; Borna Mozafari and Marla Keller, as Trustees for Cheap Easy On-Line Traffic School Pension Plan; Borna Mozafari, as Trustee for the Cheap Easy On-Line Profit Sharing Plan; Easy On Line Traffic School.Com, Inc.; and Marla Keller, as Trustee for the Marla Keller Pension Plan and Marla Keller 401(K) Plan filed the First Amended Complaint, the operative complaint in this action. (ECF No. 34). Plaintiffs alleged that Defendants, who provided actuarial and administrative services in connection with the Plans, breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiffs alleged that the Defendants' recommendations resulted in overfunding of the Plans and termination of the Plans. Plaintiffs alleged that the Defendants' conduct caused Plaintiffs significant excise and income tax damages. Plaintiffs additionally brought state law claims arising from Defendants' conduct in relation to the Plans. (ECF No. 34).

    On December 13, 2018, the Court granted summary judgment in favor of Defendants.

    On January 11, 2019, Plaintiffs filed a notice of appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 91).

    On January 24, 2019, Defendants SMI Pensions, Sheffler Consulting Actuaries Inc., and William Sheffler (Sheffler Defendants) filed a motion for attorney fees in the amount of $224,445.50. (ECF No. 99-1 at 30).

1  On January 24, 2019, Defendants Peter L. Huntting & Co., Inc. and the Estate of Peter L. Huntting (Huntting Defendants) filed a motion for attorney fees in the amount of $338,217.50. (ECF No. 100-1 at 30).

On February 18, 2019, Plaintiffs filed a response in opposition to the motions for attorney fees. (ECF No. 106).

On February 25, 2019, the Sheffler Defendants and the Huntting Defendants filed replies in support of the motions for attorney fees. (ECF Nos. 108, 109).

## II.  DISCUSSION

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quotation omitted).

> [A] claimant does not satisfy that requirement by achieving a "trivial success on the merits or a purely procedural victory." . . . However, a claimant can satisfy that requirement if "the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question of whether a particular party's success was substantial or occurred on a central issue."

*Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1120–21 (9th Cir. 2010) (quoting *Hardt*, 560 U.S. at 255) (alteration omitted). "Only after passing through the 'some degree of success on the merits' door is a claimant entitled to the district court's discretionary grant of fees under § 1132(g)(1)." *Id.* at 1121.

"In the Ninth Circuit, the discretionary decision to award fees has traditionally been governed by the five factors set forth in *Hummell* . . . which mirror the . . . factors in *Hardt*." *Id.* (first citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), then citing *Hardt*, 560 U.S. at 249 n.1). The factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar

circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. "[A]fter determining a litigant has achieved some degree of success on the merits, district courts must . . . consider the *Hummell* factors before exercising their discretion to award fees under § 1132(g)(1)." *Simonia*, 608 F.3d at 1121. Courts do not "favor one side or the other in ERISA fee cases. The statute is clear on its face—the playing field is level. . . . [O]ur analysis . . . must focus only on the *Hummell* factors, without favoring one side or the other." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997). "[A]s a general rule, the prevailing party on an ERISA claim is entitled to attorney's fees, 'unless special circumstances would render such an award unjust.'" *United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). *But see Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1057 (9th Cir. 2017) ("It is . . . unnecessary to address whether the prevailing-party presumption set out in *United Steelworkers* survived the Supreme Court's decision in *Hardt* . . . ."). "[N]o single *Hummell* factor is necessarily decisive." *Simonia*, 608 F.3d at 1122.

In this case the parties agree that Defendants achieved some degree of success on the merits. *See* ECF No. 99-1 at 13; ECF No. 100-1 at; ECF No. 106 at 11. Accordingly, the Court considers the five *Hummell* factors. With respect to the first factor—the parties' culpability or bad faith—Defendants assert that Plaintiffs pursued the ERISA claim to take advantage of attorney fees unavailable in state court, despite clear case law showing that Defendants were not ERISA fiduciaries.[1] Plaintiffs contend that the ERISA action was

---

[1] The Huntting and Sheffler Defendants state, "The arguments in favor of granting Huntting Defendants [and] Sheffler Defendants . . . an award of their attorney's fees and costs of suit are virtually identical. . . . [T]heir respective Memorandum of Points and Authorities in support of the same are virtually identical,

brought in good faith because there is case law to support the position that Defendants could be liable as functional fiduciaries with effective control over the Plans. The Court finds that the first *Hummell* factor weighs in favor of Plaintiffs. Plaintiffs had a reasonable belief that it was possible to prove an actionable ERISA claim in this case. *See Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) ("[I]n order to avoid a finding of bad faith under the *Hummell* factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim.").

With respect to the second factor, Defendants assert that Plaintiffs can satisfy an award of attorney fees with money from the Plans and Plaintiffs' ongoing business operations. Defendants contend that an ERISA plaintiff's ability to pay should weigh strongly in favor of an attorney fee award to a defendant. Plaintiffs assert that Defendants are better able to pay attorney fees than Plaintiffs because Defendants are defended by insurance companies in this case. Plaintiffs contend that if parties to an ERISA case are equally capable of paying attorney fees, courts should not award fees to defendants. In this case, the Court finds that the second *Hummell* factor is neutral. *See Reilly v. Charles M. Brewer Ltd. Money Purchase Pension Plan & Tr.*, 349 F. App'x 155, 157 (9th Cir. 2009) (affirming district court conclusion that the second factor was neutral where "neither party has presented any convincing evidence about plaintiffs' current ability or inability to pay an attorney's fee award").

With respect to the third factor—deterrence—Defendants assert that Plaintiffs brought an unsupportable ERISA claim and ignored the facts and applicable law in this case. Defendants assert that Plaintiffs' counsel has previously pursued ERISA claims against Defendants with respect to other overfunded plans Defendants serviced, and may do so again. Defendants contend that an attorney fee award is proper to deter Plaintiffs and Plaintiffs' counsel from pursuing similar claims in the future. Plaintiffs contend that there

---

except for the names of the moving parties, the names of their attorneys, and their attorneys' hourly rates and total attorney's fees charged." (ECF No. 99-1 at 7 n.1; ECF No. 100-1 at 7 n.1).

is no clear deterrence benefit in this case because Plaintiffs brought a colorable ERISA claim in good faith. The Court finds that the third *Hummell* factor weighs in favor of Plaintiffs. Plaintiffs brought a colorable ERISA claim and did not act in bad faith.

The parties agree that the fourth factor—whether the fee-seeking party sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question—does not control the attorney fee analysis in this case. *See* ECF No. 99-1 at 22; ECF No. 100-1 at 22; ECF No. 109 at 19; *see also Tingey v. Pixley-Richards W., Inc.*, 958 F.2d 908, 910 (9th Cir. 1992) (stating that consideration of the fourth factor is "more appropriate to a determination of whether to award fees to a plaintiff than a defendant").

With respect to the fifth *Hummell* factor—the relative merits of the parties' positions—Defendants contend that the fifth factor weighs in favor of Defendants because of the fully favorable rulings for Defendants. Defendants assert that Plaintiffs' ERISA claim completely lacked merit and that Plaintiff did not put a single material fact at issue. Defendants contend that the fifth factor presumptively favors the prevailing party. Plaintiff contends that the fifth factor is closely tied to the first factor—the parties' culpability or bad faith—and that Plaintiffs' arguments were not groundless or meritless even if Plaintiff's arguments did not prevail. The Court finds the fifth *Hummell* factor neutral. While Defendants prevailed, Plaintiffs had a reasonable belief that Plaintiffs could prove the ERISA claim.

### III.   CONCLUSION

The *Hummell* factors weigh against an award of attorney fees. The Court denies an award of attorney fees to Defendants.

IT IS HEREBY ORDERED that Defendants' motions for attorney fees (ECF Nos. 99, 100) are DENIED.

Dated: May 9, 2019

Hon. William Q. Hayes
United States District Court