UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL; BORNA MOZAFARI AND MARLA KELLER AS TRUSTEES FOR CHEAP EASY ON-LINE TRAFFIC SCHOOL PENSION PLAN; BORNA MOZAFARI AS TRUSTEE FOR THE CHEAP EASY ON-LINE PROFIT SHARING PLAN; EASY ON LINE TRAFFIC SCHOOL.COM, INC.; MARLA KELLER AS TRUSTEE FOR THE MARLA KELLER PENSION PLAN AND MARIA KELLER 401(K) PLAN, <br><br>      Plaintiffs, <br>v. <br><br>PETER L. HUNTTING & CO., INC.; SMI PENSIONS; SHEFFLER CONSULTING ACTUARIES INC.; ESTATE OF PETER L. HUNTTING; MIKE EDWARDS; WILLIAM SHEFFLER; ECONOMIC GROUP PENSION SERVICES | Case No.: 16cv2644-WQH-MSB <br><br>**ORDER** |

| | |
|---|---|
| 1 | GROUP, INC.; and DOES 1 to 100, inclusive, |
| 2 | |
| 3 | Defendants. |

HAYES, Judge:

The matters before the Court are the motions for reconsideration of attorney fees filed by Defendants. (ECF Nos. 112, 113).

## I. BACKGROUND

On September 13, 2017, Plaintiffs Cheap Easy Online Traffic School; Borna Mozafari and Marla Keller, as Trustees for Cheap Easy On-Line Traffic School Pension Plan; Borna Mozafari, as Trustee for the Cheap Easy On-Line Profit Sharing Plan; Easy On Line Traffic School.Com, Inc.; and Marla Keller, as Trustee for the Marla Keller Pension Plan and Marla Keller 401(K) Plan filed the First Amended Complaint, the operative complaint in this action. (ECF No. 34). Plaintiffs alleged that Defendants, who provided actuarial and administrative services in connection with the Plans, breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiffs alleged that the Defendants' recommendations resulted in overfunding of the Plans and termination of the Plans. Plaintiffs alleged that the Defendants' conduct caused Plaintiffs significant excise and income tax damages. Plaintiffs additionally brought state law claims arising from Defendants' conduct in relation to the Plans. (ECF No. 34).

On December 13, 2018, the Court granted summary judgment in favor of Defendants. (ECF No. 88).

On January 11, 2019, Plaintiffs filed a notice of appeal to the Court of Appeals for the Ninth Circuit with respect to the Order granting summary judgment. (ECF No. 91).

On December 20, 2019, Defendants filed a joint motion to extend time to file motions for attorneys' fees and costs. (ECF No. 89).

On December 21, 2019, the Court granted the parties' joint motion to extend time to file motions for attorneys' fees and costs. (ECF No. 90). The Court ordered any motions for attorney's fees be filed on or before January 27, 2019. *Id.*

On January 24, 2019, Defendants submitted bills of costs. (ECF Nos. 96, 101).

On February 7, 2019, Plaintiffs filed an objection to the bills of costs. (ECF No. 102).

On February 8, 2019, the Clerk of Court denied the bills of costs for failure to file within fourteen days after entry of judgment pursuant to Local Rule 54.1.a. (ECF No. 103).

On May 9, 2019, the Court denied Defendants' motions for attorney fees. (ECF No. 111).

On June 5, 2019, Defendants filed motions for partial reconsideration of the Order denying attorney fees. (ECF Nos. 112, 113).

On June 6, 2019, Defendants filed notices of appeal with respect to the Order denying attorney fees. (ECF Nos. 114, 115).

On June 17, 2019, the Court of Appeals for the Ninth Circuit ordered appellate proceedings with respect to the denial of attorney fees to be held in abeyance pending the resolution of the motions for partial reconsideration of the denial of attorney fees. (ECF Nos. 120, 121).

On July 1, 2019, Plaintiffs filed a response in opposition to the motions for partial reconsideration. (ECF No. 122).

On July 8, 2019, Defendants filed replies in support of the motions for partial reconsideration. (ECF Nos. 123, 124).

## II. DISCUSSION

Defendants contend that the Court committed clear error in failing to address and rule on Defendants' request for costs. Defendants assert that the reply briefings from the initial motions for attorney fees requested that the Court award costs pursuant to ERISA. Defendants assert that Defendants requested the same costs pursuant to Fed. R. Civ. Proc. 54(d)(1), which the Clerk of Court denied as untimely. Defendants request "that for purposes of a complete record the Court grant their Motion for Partial Reconsideration of the Order which was seemingly limited only to a ruling on their request for attorney fees,

3

16cv2644-WQH-MSB

in order to allow the Court to alter or amend the Order to also address and rule on their request for an award of costs of action." (ECF Nos. 123, 124 at 3).

Plaintiffs contend that Defendants are not entitled to reconsideration because the Court did not commit clear error by not addressing the issue of costs in the Order denying attorney fees. Plaintiffs contend that res judicata and collateral estoppel prohibit Defendants relitigating the issues related to costs. Plaintiffs contend that the Court was not required to address costs when ruling on Defendants' motion for attorney fees because the issue of costs was addressed separately and with finality when the Clerk of Court denied the requests for costs as untimely. Plaintiffs contend that the local rules required Defendants to seek review of the Clerk's denial of costs within seven days, which Defendants failed to do.

"Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The party seeking reconsideration has the burden of demonstrating that reconsideration is warranted. *See Mitchell v. San Diego Cty. Sheriff*, 17 Fed.Appx. 697, 697–98 (9th Cir. 2001); *Kohl v. Las Vegas Metro. Police Dep't*, 17 Fed.Appx. 706, 706–07 (9th Cir. 2001). "Clear error occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

"In an ERISA action, 'the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.'" *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1120 (9th Cir. 2010) (quoting 29 U.S.C. § 1132(g)(1)). The factors set forth by *Hummell v. S.E. Rykoff & Co.* govern awards of both costs and fees pursuant to ERISA. *See Franklin v. Thornton*, 983 F.2d 939, 943 (9th Cir. 1993) (reversing costs awarded pursuant to ERISA where district court did not weigh *Hummell* factors) (citing 634 F.2d 446 (9th Cir. 1980)); *Tingey v. Pixley–Richards West, Inc.*, 958 F.2d 908, 910 (9th Cir. 1992) (denying costs pursuant to ERISA based on *Hummell* factors); *see also Mogck v. UNUM Life Ins. Co. of America*, No. Civ. 99-CV-201-CGA, 2001 WL 34084379, at *1–2 (S.D. Cal. Jan. 8, 2001) (same).

In this case, Defendants requested awards "of attorney's fees *and statutory costs* of action under ERISA § 502(g)(1)." (ECF Nos. 99, 100 at 11) (emphasis added). The Court stated, "ERISA provides that 'the court in its discretion may allow a reasonable attorney's fee *and costs* of action to either party.'" (ECF No. 111 at 3 (quoting 29 U.S.C. § 1132(g)(1)) (emphasis added)). The Court denied the motions in their entireties. *Id.* at 6. Defendants have provided no authority supporting the conclusion that the Court was required to separately address and rule on the requests for costs and fees pursuant to ERISA. Defendants have identified no substantive difference between costs and fees with respect to the Court's analysis of the *Hummel* factors in this case. *See Franklin*, 983 F.2d at 943; *Tingley*, 958 F.2d at 910. The Court finds that Defendants have not carried the burden to demonstrate that the Court committed clear error by not separately addressing and ruling on Defendants' request for costs pursuant to ERISA. *See Marlyn Natraceuticals*, 571 F.3d at 880. The Court declines to grant reconsideration for purposes of addressing requests for costs that were made pursuant to ERISA.[1]

---

[1] Defendants do not request reconsideration on the grounds that the Clerk improperly denied costs pursuant to Local Rule 54.1.a on February 8, 2019. Defendants did not timely move to retax costs and are not entitled to costs pursuant to Rule 54 at this stage in the proceedings. *See* Fed. R. Civ. Proc. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."); S.D. Cal. Civ. R. 54.1.h.

### III. CONCLUSION

The motions for reconsideration (ECF Nos. 112, 113) are DENIED.

Dated: August 2, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

---

("A review of the decision of the clerk in the taxation of costs may be taken to the court on motion to retax . . . . A motion to retax must be served and filed within seven (7) days . . . .").