

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL; et al.,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>PETER L. HUNTTING & CO., INC.; et al.,<br><br>        Defendants - Appellees. | No. 19-55055<br><br>D.C. No. 3:16-cv-02644-WQH-MSB<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |
| CHEAP EASY ONLINE TRAFFIC SCHOOL; et al.,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>PETER L. HUNTTING & CO., INC. and ESTATE OF PETER L. HUNTTING,<br><br>        Defendants - Appellants,<br><br> and<br><br>SMI PENSIONS; et al.,<br><br>        Defendants. | No. 19-55653<br><br>D.C. No. 3:16-cv-02644-WQH-MSB<br>U.S. District Court for Southern California, San Diego |

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL; et al., | No. 19-55654 |
| Plaintiffs - Appellees, | D.C. No. 3:16-cv-02644-WQH-MSB U.S. District Court for Southern California, San Diego |
| v. | |
| SMI PENSIONS; et al., | |
| Defendants - Appellants, | |
| and | |
| PETER L. HUNTTING & CO., INC.; et al., | |
| Defendants. | |

The judgment of this Court, entered June 23, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PETER L. HUNTTING & CO., INC.; et al. <br><br> Defendants-Appellees. | Nos. 19-55055 <br><br> D.C. No. 3:16-cv-02644-WQH-MSB <br><br><br> MEMORANDUM[*] |
| CHEAP EASY ONLINE TRAFFIC SCHOOL; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> PETER L. HUNTTING & CO., INC.; ESTATE OF PETER L. HUNTTING, <br><br> Defendants-Appellants, <br><br> and <br><br> SMI PENSIONS; et al., <br><br> Defendants. | No. 19-55653 <br><br> D.C. No. 3:16-cv-02644-WQH-MSB |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| CHEAP EASY ONLINE TRAFFIC SCHOOL; et al., | No.   19-55654 |
| Plaintiffs-Appellees, | D.C. No. 3:16-cv-02644-WQH-MSB |
| v. | |
| SMI PENSIONS; et al., | |
| Defendants-Appellants, | |
| and | |
| PETER L. HUNTTING & CO., INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 3, 2020
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

      Marla Keller and her husband, Borna Mozafari, own and manage two online traffic schools, the Cheap Easy Online Traffic School and Easy Online Traffic School (collectively "Plaintiffs"), and are trustees of the schools' retirement plans ("Plans"). Plaintiffs sued Peter Huntting, William Sheffler, Sheffler Consulting

---

      [**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Actuaries Inc., and SMI Pensions (collectively "Defendants"), third-party administrators who provided services related to the Plans. Plaintiffs alleged Defendants breached their duties under the Employee Retirement Security Income Act ("ERISA"), and also alleged state law professional negligence and breach of contract claims. The district court granted Defendants' summary judgment motion, holding that Plaintiffs' ERISA claim failed at the threshold because Defendants were not fiduciaries, and declined to exercise supplemental jurisdiction over the state law claims. The district court also denied defendants' motions for counsel fees and costs. These cross-appeals followed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Plaintiffs' ERISA claims against Defendants turn on whether they acted as fiduciaries "when taking the actions subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). The parties entered into Engagement Agreements stating that Defendants were not fiduciaries. However, whether one is a fiduciary, turns on the activity in question, rather than the title of the person or entity. *CSA 401(K) Plan v. Pension Prof'ls, Inc.*, 195F.3d 1135, 1138 (9th Cir. 1999). Under ERISA, discretion is the *sine qua non* of fiduciary status and duty, and fiduciary status requires the actual exercise of discretionary authority. 29 U.S.C. § 1002(21)(A); *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 656–57 (9th Cir. 2019); *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1420 (9th Cir. 1997).

Third-party administrators are not fiduciaries when they "perform their usual professional functions in rendering legal, accounting, actuarial, or consulting services to an employee benefit plan." *CSA 401(K)*, 195 F.3d at 1139. Indeed, the Department of Labor has explained that such services constitute strictly ministerial conduct that cannot give rise to fiduciary liability. *See* 29 C.F.R. § 2509.75–8. Plaintiffs allege Defendants' activities went beyond ordinary, advisory services when Defendants: (1) told Plaintiffs how much to contribute annually to the Plans; (2) amended the benefit formula for one of the Plans in 2009 and 2010 without consulting Plaintiffs; (3) decided that Plaintiffs' defined benefit plans should be terminated and rolled over into a profit-sharing plan after Defendants' advice caused the plans to be overfunded by almost $2 million. Plaintiffs' claims are without merit.

Plaintiffs essentially assert that Defendants gave them bad advice, but such claims of malfeasance sound in common-law negligence or malpractice, not ERISA's fiduciary obligations. The record shows that Defendants advised Plaintiffs on the permissible contribution ranges for their retirement plans. However, Plaintiffs retained their final, independent judgment on how much to contribute, so these recommendations could not have constituted discretionary administration of the Plans. 29 U.S.C. § 1002(21)(A). Plaintiffs also allege that Defendants improperly amended one of their pension plans in 2010. While Defendants prepared certain tax forms reflecting a necessary plan amendment, Plaintiffs executed those forms, and

maintained sole authority to make changes to the plan. Likewise, Plaintiffs' allegation that Defendants forced Plaintiffs to terminate and roll over one of their profit-sharing plans fails at the threshold because Defendants never gave Plaintiffs a directive, and never deprived Plaintiffs of their discretion or final decision-making authority. Accordingly, Defendants' actions do not make them functional fiduciaries.

**2.** Turning to Defendants' appeal, we review the denial of fees and costs for an abuse of discretion, and reversal is warranted if the judge below "made a clear error of judgment in its conclusion upon weighing relevant factors." *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980). Attorneys' fees are awarded at the court's discretion under Section 502(g)(1) of ERISA. 29 U.S.C § 1132(g)(1). Once the moving party shows that they have achieved "some degree of success on the merits," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010), the court turns to the multi-factor *Hummell* test, weighing: (1) the opposing parties' culpability or bad faith; (2) the opposing parties' ability to pay; (3) whether a fees award would deter others from acting under similar circumstances; (4) whether the moving parties sought to benefit all beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell*, 634 F.2d at 453.

After a review of the relevant law, including *Hummel*, the district court denied

Defendants' motion for fees and costs in a six-page opinion. On appeal, Defendants argue Plaintiffs should have known that they did not have a viable ERISA claim against Defendants, and that the judge should have found that the first, third, and fifth *Hummel* factors counseled in favor of granting Defendants fees and costs. We disagree. The district court correctly observed that Plaintiffs' failure to prevail on the merits did not demonstrate culpability or bad faith, and that an award would serve no deterrent purpose. At most, the fifth factor was wrongly determined to be neutral. But that factor alone did not tilt the balance, and there was no clear error of judgment in concluding that this case did not warrant an award of fees or costs.

**AFFIRMED**.